IN THE UNITED STATES DISTRICT COURT 
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LARRY P. GOODYKE, | § | |
| Reg. No. 42953-048 | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-11-CV-455-FM |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| JUSTICE OFFICE OF INFORMATION | § | |
| POLICY and UNITED STATES | § | |
| DEPARTMENT OF JUSTICE, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Larry P. Goodyke ("Goodyke"), a prisoner[1] at the La Tuna Federal Correctional Institution in Anthony, Texas,[2] brings this action against the United States Department of Justice Office of Information Policy and the United States Department of Justice. Goodyke, proceeding *pro se* and *in forma pauperis*, alleges the defendants have wrongfully withheld records requested by him under the Freedom of Information Act ("FOIA").[3] Goodyke explains he seeks the authority for the Department of Justice to prosecute criminal cases in the name of the United States of America:

> Through his study of cases of convictions and indictments of inmates in prisons [Goodyke] has found that since approximately the late 1950's and early 1960's, Plaintiff's [sic] involving criminal and civil cases brought

---

[1] *See* J. *United States v. Goodyke*, Case No. 07-00390-03-CR-W-DW (W.D. Mo. Mar. 31, 2010) (finding Goodyke guilty of conspiracy to defraud the United States and wrongfully using government seals, and sentencing him to sixty months' imprisonment followed by three years' supervised release).

[2] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C.A. § 124(d)(3) (West 2011).

[3] 5 U.S.C.A. § 552 (West 2011).

before the courts have changed from "United States" to "United States of America." Since these entities are different and not one in the same, this prompted further research and the inquiry via the FOIA to resolve the subject matter question. There obviously must be a document that grants such authority.[4]

Goodyke concedes the Attorney General may prosecute criminal cases on behalf of "the United States."[5] He suggests, however, that the Department of Justice does not have the authority to prosecute criminal cases in the name of "the United States of America."[6] Goodyke argues "there ... has been a manifest injustice that occurred with the implementation of law and procedure concerning his present indictment and conviction" because the United States Attorney for the Western District of Missouri prosecuted the criminal case against him in the name of "the United States of America."[7]

Goodyke claims "[t]he agency has not completed the required processing of the Plaintiff's FOIA request and appeal."[8] He adds he has exhausted all administrative procedures and the defendants "have wrongfully withheld (or concealed) the requested records."[9] Goodyke attaches a copy of the response to his administrative appeal from the Office of Information Policy, which explains the Office does not maintain the records he seeks.

> [T]his Office maintains the case files for the initial requests and administrative appeals it processes. Accordingly, this Office does not

---

[4] Pl.'s Compl. 3.

[5] *Id.* at 4–5.

[6] *Id.* at 5.

[7] *Id.* at 3.

[8] *Id.* at 7.

[9] *Id.*

> maintain the type of record you seek. Furthermore, to the extent that responding to your request would require research or creating a new record, the IR Staff properly informed you that the Freedom of Information Act does not require agencies to compile information, conduct research, answer questions or create new documents, but rather is limited to requiring agencies to provide access to reasonably described, nonexempt records. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 162 (1975); Zemansky v. EPA, 767 F.2d 569, 574 (9th Cir. 1985).[10]

Goodyke argument that "United States" and "United States of America" are different entities, and not one in the same, is specious. He cites no binding or persuasive authority even remotely suggesting that the use of the phrase "United States" was not intended to refer to "the United States of America." He also does not point to any legislative history supporting the counterintuitive notion that Congress intended the shorter form to be anything more than a convenient abbreviation of the longer form. In short, Goodyke has done nothing to undermine the well-settled understanding that "United States" and "United States of America" are the same entity, and that the use of one term rather than the other denotes no substantive difference in their identity or authority.[11]

Furthermore, the Constitution uses the phrases "United States" and "the United States of America" interchangeably.[12] Moreover, "[u]nder the authority of Art. II, § 2, Congress has

---

[10] *Id.* at Ex. G (Appeal No. AP-2011-02109, Janice Galli McLeod, Associate Director, United States Department of Justice, Office of Information Policy).

[11] *See Flores–Rosales v. United States*, 2009 WL 1783703, *3 (W.D.Tex. June 3, 2009) ("The United States of America is the same party as the United States, and an argument to the contrary is unsupported in law or common sense."); *accord United States v. Wacker*, 173 F.3d 865, 1999 WL 176171, at *2 (10th Cir. Mar. 31, 1999) (characterizing as "purposefully comedic or malicious with the intent to harass or waste the limited resources of the court" the notion that the federal government lacked authority and/or the federal court lacked jurisdiction because "the United States" and "the United States of America" are not synonymous terms).

[12] *See* U.S. CONST. pmbl. ("We the People of *the United States*, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defense, promote the

vested in the Attorney General the power to conduct the criminal litigation of the United States Government."[13] Accordingly, the conduct of litigation in which the United States is a party is generally reserved to officers of the Department of Justice, under the direction of the Attorney General.[14] More specifically, United States Attorneys have the responsibility to prosecute all offenses against the United States, "(e)xcept as otherwise provided by law."[15]

FOIA provides individuals with a "judicially-enforceable right of access to government agency documents."[16] The primary purpose of enforcing the right of access is to "ensure an informed citizenry, [which is] vital to the functioning of a democratic society, [and] needed to check against corruption and to hold the governors accountable to the governed."[17] FOIA requires a records request to "reasonably" describe requested records and to comply with "published rules stating the time, place, fees (if any), and procedures to be followed."[18] For requested materials to qualify as "agency records" under FOIA, "an agency must either create or

---

general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for *the United States of America*.") (emphasis added).

[13] *United States v. Nixon*, 418 U.S. 683, 694 (1974).

[14] *See* 28 U.S.C.A. § 516 (West 2011) ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.").

[15] *Dresser Industries, Inc. v. United States*, 596 F.2d 1231, 1237 (5th. Cir. 1979) (quoting 28 U.S.C. § 547).

[16] *Lion Raisins, Inc. v. United States Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004) (citing 5 U.S.C. § 552).

[17] *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (internal quotations omitted).

[18] 5 U.S.C.A. § 552(a)(3)(A).

obtain the requested materials" and "the agency must be in control of the requested materials at the time the FOIA request is made."[19] FOIA "does not compel agencies to write opinions in cases in which they would not otherwise be required to do so. It only requires disclosure of certain documents which the law requires the agency to prepare or which the agency has decided for its own reasons to create."[20]

The Office of Information Policy explained in its responses to Goodyke's FOIA request that it "does not maintain the type of record" he seeks.[21] Based on its discussion above, the Court has no reason to doubt this explanation.

Because Goodyke is proceeding *in forma pauperis* and a prisoner, his complaint is subject to screening under 28 U.S.C. §§ 1915 and 1915A.[22] Pursuant to these sections, the Court may dismiss his action if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[23] A suit is properly dismissed as frivolous if "'the claim lacks an arguable basis in either fact or in

---

[19] *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144–145 (1989).

[20] *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 161–62.

[21] Pl.'s Compl. Ex. G.

[22] 28 U.S.C.A. § 1915(e)(2) (West 2011) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[ ] or . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C.A. § 1915A (West 2011) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

[23] *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

law.'"[24] The Court has broad discretion in determining the frivolous nature of a complaint.[25] This discretion includes not only the "authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[26] A dismissal may be made at any time before or after service of process and before or after an answer is filed.[27]

After due consideration, the Court finds Goodyke's theory that the "United States" and "the United States of America" are different entities is an indisputably meritless legal theory. Moreover, it is not reasonable to expect the defendants to maintain agency records addressing this indisputably meritless legal theory. Accordingly, the Court further finds that the defendants have complied with FOIA's requirements, and that Goodyke's complaint is frivolous. Therefore, the Court enters the following orders:

1. The Court **DISMISSES WITH PREJUDICE** Plaintiff Larry P. Goodyke's complaint as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

2. The Court additionally **DENIES** all other pending motions in this cause, if any, as moot.

3. The Court **ADVISES** Plaintiff Larry P. Goodyke that this dismissal counts as a

---

[24] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[25] *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[26] *Neitze*, 490 U.S. at 327.

[27] *Green*, 788 F.2d at 1119.

"STRIKE" pursuant to 28 U.S.C. § 1915.[28] The Clerk will therefore provide a copy of this Order to the District Clerk for the Eastern District of Texas, Tyler Division, Attention: Three Strikes Manager, 211 West Ferguson, Tyler, Texas 75702. *Should Goodyke accumulate three strikes, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.*[29]

**SO ORDERED.**

SIGNED this ___17___ day of November 2011.

FRANK MONTALVO
**UNITED STATES DISTRICT JUDGE**

---

[28] *See* 28 U.S.C. § 1915(g) (2011) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")

[29] *See id.*